**SO ORDERED.**

**SIGNED this 20th day of November, 2025.**



Dale L. Somers
United States Chief Bankruptcy Judge

*Designated for Online Publication*
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In re:** | |
| **WT Repair, LLC,** | **Case No. 25-20636-11** |
| **Debtor.** | |

**Opinion and Order Denying First National Bank's
Motion to Delay Ruling**

On November 19, 2025, First National Bank and Trust (the "Bank") filed a Motion to Delay Ruling on Remainder of FNBT's Motion for Relief from Stay (the "Motion").[1] For the following reasons, the Motion is denied. The Debtor filed its petition under Chapter 11 on May 15, 2025. The Bank is a creditor of the Debtor by virtue of five promissory notes totaling $2,540,029.44 as of the Debtor's petition

---

[1] Doc. 265.

1

date, plus interest which continues to accrue. The debt is secured by all the Debtor's inventory, equipment and fixtures, parts and accounts receivable (the "Collateral").

On July 18, 2025, the Bank filed a Motion for Relief from the Automatic Stay (the "Stay Motion") in which it asserted several reasons the stay should be lifted. The focus of the allegations was the Debtor's failure to keep the Bank apprised of all equipment sales and to pay the Bank the proceeds from those sales.

An evidentiary hearing on the Stay Motion was held on October 1, 2025.[2] The evidence consisted of a multitude of documents and the testimony of two witnesses: Kevin Bruce, the Debtor's accountant, and Wes Thompson, the Debtor's representative.

Following the hearing, the Bank filed a Motion for Court Order to Enforce Debtor's Agreement Made in Court Testimony, and Reasserting Motion for Partial Relief from the Bankruptcy Automatic Stay at this Time.[3] The parties subsequently entered an Agreed Order granting that motion, which provided, *inter alia*, that the Bank is granted partial relief from the automatic stay to list for sale through Auctiontime and sell all of the Debtor's equipment as listed on the exhibit to the motion (the "Agreed Order").[4] The remainder of the Stay Motion remained under advisement.

---

[2] Colin Gotham appeared for the Debtor. Patricia Reeder appeared for the Bank.

[3] Doc. 221.

[4] Doc. 246, ¶3(f).

In the Motion, the Bank asks the Court to delay its ruling and allow the matter to be "re-opened" so the Bank can present further evidence. It asserts material new evidence has been discovered—which was unavailable or not reasonably discovered prior to the hearing on the Stay Motion—that would directly affect the outcome of the Stay Motion yet to be adjudicated. This Court disagrees.

The new evidence described in the Motion includes the following: 1) a notice of cancellation of insurance on the Collateral; 2) Debtor's refusal to allow certain equipment to be advertised for auction; 3) Debtor's placement of equipment on its repair lot, causing confusion as to the advertising for the auction; and 4) the inability to locate certain equipment that was scheduled to be auctioned. In addition, the Bank contends the Debtor has failed to make its required adequate protection payments and has violated the cash collateral order.

Exhibits supporting several of these allegations are attached to the Motion. Admittedly, these exhibits cast doubt on the Debtor's cooperation with the Bank and compliance with the Agreed Order. However, none of the new evidence is relevant to the Debtor's repair business or the Bank's collateral involved in that business. Rather, the evidence set forth in the Motion pertains to the lifting of the stay with respect to the Bank's agricultural equipment and the Debtor's alleged violation of the Agreed Order's terms. The only matter under advisement is whether the automatic stay should be lifted with respect to the Bank's collateral used in the Debtor's repair shop; the new evidence has no bearing on that issue.

While the Bank has made a compelling case that the Debtor is not complying with the terms of the Agreed Order, the Bank has failed to show that a delay in adjudicating the remainder of its Stay Motion is the appropriate remedy or warranted. Therefore, the Motion to Delay is denied.

**It is so ordered.**

###