**SO ORDERED.**

**SIGNED this 20th day of November, 2025.**



_Dale L. Somers_
Dale L. Somers
United States Chief Bankruptcy Judge

---

***Designated for Online Publication***
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In re:<br><br>**WT Repair, LLC,**<br><br>Debtor. | Case No. 25-20636-11 |

**Opinion and Order Denying in Part First National Bank's**
**Motion for Relief from Stay**

On July 18, 2025, First National Bank and Trust (the "Bank") filed a Motion for Relief from the Bankruptcy Automatic Stay (the "Motion").[1] For the following reasons, the Motion is denied in part.[2]

The Debtor filed its petition under Chapter 11 on May 15, 2025. The Debtor's enterprise is characterized by two distinct "divisions": 1) the sale of large

---

[1] Doc. 54.

[2] As explained more fully below, the Motion was granted in part pursuant to an agreed order by the parties. Doc. 246.

1

agricultural machinery, equipment and vehicles, and 2) the repair of agricultural equipment and machinery. The Debtor employs at least four people for the latter (i.e. four mechanics plus those who handle accounting and other administrative functions).

The Bank is a creditor of the Debtor by virtue of five promissory notes totaling $2,540,029.44 as of the Debtor's petition date, plus interest which continues to accrue. The debt is secured by all the Debtor's inventory, equipment and fixtures, parts and accounts receivable (the "Collateral").[3]

In the Motion, the Bank asserts the automatic stay should be lifted for several reasons, including:

- the Debtor's failure to provide documentation of property received, traded, and/or sold as required by the interim cash collateral order,

- the Debtor's failure to make monthly adequate protection payments,

- the Debtor's failure to pay the Bank proceeds from the sale of certain pieces of equipment, and

- the Debtor's failure to provide written reports of its cash account.[4]

---

[3] Wells Fargo Financial Leasing, Inc. and Farmway Credit Union have also asserted liens in specific pieces of property. In this Order, the Court is not addressing any competing interests in the Collateral that may be asserted by the parties.

[4] It is noteworthy that, despite these allegations, the Bank did not move to convert or dismiss this case, or to appoint an examiner.

In its response filed in July 2025, the Debtor admitted each of the Bank's allegations other than one regarding certain details of a related state court proceeding, and the relief requested.[5]

An evidentiary hearing on the Motion was held on October 1, 2025.[6] The evidence consisted of a multitude of documents and the testimony of two witnesses: Kevin Bruce, the Debtor's accountant, and Wes Thompson, the Debtor's representative.

Following the hearing, the Bank filed a Motion for Court Order to Enforce Debtor's Agreement Made in Court Testimony, and Reasserting Motion for Partial Relief from the Bankruptcy Automatic Stay at this Time.[7] The parties subsequently entered an Agreed Order granting that motion, which provided, *inter alia*, the Bank is granted partial relief from the automatic stay to list for sale through Auctiontime and sell all of the Debtor's equipment as listed on the exhibit to the motion (the "Agreed Order").[8] The remainder of the Motion remained under advisement and is now before this Court.[9] Jurisdiction is appropriate under 28 U.S.C. § 157(b)(2)(G).

---

[5] Doc. 85.

[6] Colin Gotham appeared for the Debtor. Patricia Reeder appeared for the Bank.

[7] Doc. 221.

[8] Doc. 246, ¶3(f).

[9] *Id*. at ¶4.

Bankruptcy Code § 362(d)(1) permits lifting the stay "for cause, including the lack of adequate protection…."[10] Although there is a shifting burden of proof, the moving party has the obligation to establish a prima facie case for stay relief before the ultimate burden shifts to the debtor on all issues except equity in the property.[11] Thus, the Bank had the initial burden of establishing a prima facie case that it lacks adequate protection; the burden then shifted to the Debtor to persuade the Court otherwise.

Based on the record before it, the Court concludes the Bank failed to meet its burden of making a prima facie case that it would not be adequately protected if the Debtor retains its tools and maintains its repair business.[12] The Debtor presented ample evidence establishing the business' profitability. For example, the Debtor's accountant testified about the significant income derived from the "solid stream" of repair work. The Court finds this testimony credible. The monthly operating reports (as amended) for May, June and July 2025 support his testimony.[13] The operating budget for October – December 2025 shows $160,000 projected income from the repair work.[14]  The Debtor's representative testified that the repair shop remains

---

[10] 11 U.S.C. § 362(d)(1).

[11] *In re Wichita Hoops, LLC*, 2023 WL 4753616 at *8 (Bankr. D. Kan. July 24, 2023).

[12] The Court notes, however, the Bank *did* meet its burden to prove cause existed to lift the stay with respect to the equipment—the result was the Agreed Order.

[13] *See* Docs. 181, 182, and 183.

[14] Doc. 211.

"very busy" and the proceeds from the business should cover adequate protection payments to the Bank. The Court finds the latter's testimony on this point credible when coupled with the accountant's testimony and all the evidence presented. And while the Bank did present evidence (including Mr. Thompson's own testimony) of the Debtor's malfeasance in connection with the equipment sales business, nothing in the record indicates that those questionable practices extended to the machinery repair part of the business. In short, the Bank did not establish that cause exists to lift the stay with respect to its interest in the Collateral not subject to the Agreed Order (i.e., the miscellaneous parts, tools, and inventory necessary for the Debtor to continue operating its repair shop) nor did the Bank refute the evidence on the Debtor's ability to make adequate protection payments to the Bank from the income generated by the repair business.

Therefore, the Motion is hereby denied in part. The automatic stay will remain in effect with respect to the Bank's Collateral, apart from the equipment identified in the Agreed Order. This Order is entered without prejudice to the Bank to move for relief from the stay or to seek other remedies in the future.

**It is so ordered.**

**###**
